**In re Louis Wayne DAVIS, SSN 224–58–4820, Debtor.**

**Bankruptcy No. 97–71832.**

United States Bankruptcy Court, E.D. Oklahoma.

March 31, 1998.

Jan Cunningham, Muskogee, OK, for Debtor.

Ron Wright, Muskogee, OK, for State National Bank.

Kenneth G.M. Mather, Tulsa, OK, Chapter 7 Trustee.

### OPINION

TOM. R. CORNISH, Bankruptcy Judge.

The Debtor's Fourth Amended Chapter 13 Plan came on for hearing on February 24, 1998. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

The Debtor and his wife, not a debtor in this proceeding, filed for Chapter 7 relief on April 13, 1995. The case was dismissed on August 2, 1995. Thereafter, the Debtor and his wife filed another Chapter 7 petition on August 31, 1995. In the course of this case, State National Bank obtained a nondischargeable judgment against the Debtor in the amount of $25,000.00. This judgment arose as a settlement of the adversary proceeding during the trial. American Jawa obtained a judgment against the Debtor for $206,410.35, of which $170,363.00 was deemed nondischargeable. The Debtor and his wife received their Chapter 7 discharge on January 7, 1997. The Chapter 7 case, at the present time, has not been closed. The Debtor, on July 22, 1997, filed this Chapter 13 proceeding. On August 29, 1997, the Chapter 7 Trustee filed an adversary proceeding seeking the following relief: (1) declaratory judgment regarding the Debtor's property; (2) recovery of real property transferred to Brad Davis; (3) recovery of reversionary rights transferred to Jane Wood; (4) recovery of five acres transferred post-petition to Evelyn Winfrey; and (5) revocation of the Debtor's discharge.

The Debtor seeks confirmation of his Fourth Amended Plan. State National Bank objects because the case was filed in bad faith since the Debtor agreed to pay the nondischargeable judgment in the previous bankruptcy. The Chapter 7 Trustee objects to the Plan because the Debtor states that he is going to transfer 158.5 acres to State National Bank and Farm Services Agency ("FSA") in satisfaction of their claims, without specifically describing the real property to be surrendered. Further, the Trustee objects because the Plan ignores the impact of the adversary proceeding if the Debtor's discharge is revoked.

The Debtor's Plan provides for monthly payments of $775.00 to the Chapter 13 Trustee for sixty (60) months. The Plan provides for the secured claims of FSA and State National Bank to be paid with the surrender of the real property. The Plan also provides for the priority claims of the Internal Revenue Service and the Oklahoma Tax Commission. The Debtor's Plan reflects unsecured claims of $170,000.00 with an approximate payback to unsecured creditors of .4 percent. The Debtor acknowledged that the debt provided for in the Plan was debt which survived the Chapter 7 bankruptcy. The Debtor testified that he was seeking to transfer non-homestead property in satisfaction of the debt. It appears to the Court that the Debtor would be paying all his disposable income toward the Plan payment.

■ Chapter 13 of the Bankruptcy Code allows discharge of all debts except (1) those provided for under § 1322(b)(5); (2) those of a kind specified under ¶¶ (5), (8) or (9) of § 523(a); or (3) for restitution or criminal fine included in a sentence for the conviction of a crime. 11 U.S.C. § 1328(a). The Court shall confirm a plan if the requirements of 11 U.S.C. § 1325 are met. However, § 1325(a)(3) requires the plan to be proposed in good faith. The Bankruptcy Code does not define "good faith." *Pioneer Bank of Longmont v. Rasmussen (In re Rasmussen),* 888 F.2d 703, 704 (10th Cir.1989). The Tenth Circuit rejected a per se bad faith standard and decided that bad faith is to be determined on a case by case basis. *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir.1983). The eleven factors set forth in *Flygare* are:

(1) the amount of proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statement of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

*Id.* at 1347–48 (quoting *United States v. Estus (In re Estus)*, 695 F.2d 311, 317 (8th Cir.1992)).

In *Rasmussen,* more factors than successive filings were involved. *Rasmussen* at 705. The Court noted:

Mr. Rasmussen originally was not able to meet the jurisdictional limits of a Chapter 13 proceeding because his unsecured debts totalled more than $100,000 in contravention of 11 U.S.C. § 109(e). He proceeded to discharge all his unsecured debts except that of Pioneer through a voluntary Chapter 7 proceeding. During the course of that proceeding, the bankruptcy court disallowed discharge of his debt to Pioneer, pursuant to 11 U.S.C. § 523(a)(2), because he provided fraudulent information to obtain the loan; the court entered judgment on Pioneer's note. Twelve days after the conclusion of the Chapter 7 proceeding, Mr. Rasmussen initiated a proceeding under Chapter 13, listing his debt to Pioneer as his only obligation. His plan proposed to pay $50 per month for 36 months, less than 1.5% of the value of the debt. In effect, confirmation of Mr. Rasmussen's Chapter 13 plan is tantamount to a discharge of his debt to Pioneer.

Accordingly, the Tenth Circuit concluded "the Chapter 13 filing was a manipulation of the bankruptcy system in order to discharge a single debt for de minimis payments under a Chapter 13 plan which was ruled not dischargeable under an immediately previous Chapter 7 filing, when the debtor could not originally meet the jurisdictional requirements of Chapter 13." *Id.* at 706.

The *Rasmussen* case is on point. In this case, the Debtor had significant debt which was determined nondischargeable in a previous Chapter 7 proceeding. The Debtor now seeks to discharge that debt. The Court finds that the Debtor has abused the bankruptcy process. The Debtor is surrendering some property which he admits is non-homestead property. The adversary proceeding brought by the Chapter 7 Trustee covers some of this property. The parties were to submit a Stipulation regarding which property would be surrendered pursuant to the Fourth Chapter 13 Plan; however, the Debtor did not submit such Stipulation. The Chapter 7 Trustee submitted a proposed Stipulation.

This Plan cannot be confirmed. Further, it appears to this Court that the Debtor has no more disposable income to fund the Plan and therefore, could not propose a greater payback to unsecured creditors. Since the Debtor has received a discharge within the last six years, this case will be dismissed.

IT IS THEREFORE ORDERED that this Chapter 13 proceeding is hereby **dismissed**.

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall file a Final Report within fifteen (15) days of the entry of this Order.