**In the Matter of Ronald J. HOLDER, Debtor.**

No. 01–81707–JAC–13.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

June 18, 2001.

John Larsen, Bond, Botes, Sykstus & Larsen, Huntsville, AL, for Debtor.

C. Wayne Morris, Huntsville, AL, for Creditor.

Phillip Geddes, Decatur, AL, trustee.

* Legal Memorandum prepared by Brian B.

## LEGAL MEMORANDUM

JACK CADDELL, Bankruptcy Judge.*

This matter is before the Court upon an objection to confirmation filed by creditor Mehry Abidi. The objection was presented at the June 11, 2001 hearing to consider confirmation of the Chapter 13 plan proposed by the debtor, Ronald J. Holder. The matter was taken under advisement by the Court.

The debtor, Ronald J. Holder, had filed a petition for relief under Chapter 7 on April 14, 2000. On August 1, 2000, the debtor was granted a discharge by this Court under § 727 of Title 11, United States Code, (the Bankruptcy Code).

On July 24, 2000, creditor Abidi filed a complaint against the debtor with this Court. Plaintiff Abidi filed an amended complaint on August 14, 2000. Both complaints asked the Court to determine the obligation of the debtor to the plaintiff to be nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code. On December 13, 2000, this Court entered judgment in this adversary proceeding in favor of the plaintiff Abidi in the amount of $20,100.00. This judgment was held to be nondischargeable in the debtor's Chapter 7 Bankruptcy under 11 U.S.C. § 523(a)(2) because this debt was obtained by actual fraud.

On April 13, 2001 the debtor filed a petition for relief under Chapter 13. On April 25, 2001, creditor Abidi filed the objection to confirmation of Chapter 13 plan and requested that the Court rule that the judgment entered by this Court in the debtor's Chapter 7 adversary proceeding is nondischargeable in the debtor's Chapter 13 case. The creditor argues that the debtor's Chapter 13 petition is based on bad faith and that the plan proposed by the debtor is not the "best effort" required under a Chapter 13 plan.

Okay, Legal Intern to the Hon. Jack Caddell.

The debtor maintains that he filed his Chapter 13 plan only as a last resort after failing to reach terms with the creditor Abidi. The debtor also asserts that he owes approximately $6,500.00 in priority taxes to the Internal Revenue Service and has another $5,100.00 worth of debt in addition to the debt owed creditor Abidi.

In addressing whether the debtor has proposed his Chapter 13 plan in good faith, this Court applies a totality of the circumstances test. The Eleventh Circuit in *Kitchens v. Georgia R.R. Bank and Trust Co.* (*In re Kitchens*), 702 F.2d 885 (11th Cir.1983), delineated sixteen factors that courts should consider in determining a debtor's good faith under 11 U.S.C. § 1325, including:

1. The amount of the debtor's income from all sources;

2. The living expenses of the debtor and his dependents;

3. The amount of attorney's fees;

4. The probable or expected duration of the debtor's Chapter 13 plan;

5. The motivations and sincerity of the debtor in seeking relief under the provisions of Chapter 13;

6. The debtor's degree of effort;

7. The debtor's ability to earn and the likelihood of fluctuation in earnings;

8. Special circumstances such as inordinate medical expenses;

9. The frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

10. The circumstances under which the debtor has contracted debts and has demonstrated bona fides, or lack thereof, in dealings with creditors;

11. The burden which the plan's administration would place on the Trustee;

12. The extent to which claims are modified and the extent of preferential treatment among classes of creditors;

13. Substantiality of repayment to the unsecured creditors;

14. Consideration of the type of debt to be discharged and whether such debt would be nondischargeable under Chapter 7;

15. The accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court; and

16. Other factors or exceptional circumstances.

*Kitchens*, 702 F.2d 885.

Several facts of this case are relevant to the sincerity of the debtor in filing his Chapter 13 Bankruptcy. The debt in question owed to creditor Abidi was the debtor's primary debt when he filed for Chapter 13 Bankruptcy. He also filed his Chapter 13 petition less than eight and a half months after he was granted a Chapter 7 discharge. The debtor's proposal in his Chapter 13 Plan to pay only thirty percent of the debt owed to his unsecured creditors in installments of $200 per month over a period of sixty months indicates that the debtor's Chapter 13 Plan is an insincere attempt to avoid paying a substantial portion of the debt owed to creditor Abidi. Furthermore, the substantial portion of the debts the debtor seeks to discharge were held to be nondischargeable by this Court in an Adversary Proceeding in the debtor's Chapter 7 Bankruptcy. In *In re Davis,* a case involving an objection to confirmation of a Chapter 13 plan, the United States Bankruptcy Court for the Eastern District of Oklahoma, 218 B.R. 177 (Bankr.E.D.Okla.1998), held that a debtor seeking to discharge a significant amount of debt which arose from fraud and was held to be nondischargeable in the debtor's previous Chapter 7 proceeding had not acted in good faith as required by 11 U.S.C. § 1325.

The frequency with which the debtor has filed for Bankruptcy is also pertinent in this matter. On August 25, 1994, the debtor filed a petition for relief under Chapter 13, a case that was dismissed on November 26, 1996. On April 14, 2000 the debtor petitioned for relief under Chapter 7 and on August 1, 2000 he had been granted a Chapter 7 discharge. The frequency of these filings suggests that the debtor is not acting in good faith.

The fact that the debt owed to the creditor Abidi was incurred by actions this Court ruled to be obtained by actual fraud on the part of the debtor also indicates that a good faith effort was not put forth by the debtor. Furthermore, the debt obtained through fraud comprises approximately sixty-five percent of the total unsecured claims sought to be discharged in the debtor's Chapter 13 plan and approximately eighty-two percent of the total unsecured nonpriority claims sought to be discharged.

The substantiality of payment to the unsecured creditors is relevant here because unsecured creditors are receiving a minimal amount of their claims under the debtor's Chapter 13 plan, only thirty percent of their claims. Whether or not the debts would be dischargeable in a Chapter 7 Bankruptcy is also applicable because this Court has already ruled that the debt owed by the debtor to creditor Abidi would not be dischargeable under 11 U.S.C. § 523(a)(2).

Since this plan was represented to the Court as the debtor's best possible effort and the debtor cannot propose a greater payback to unsecured creditors, this case will be dismissed.

### JUDGMENT

In conformity with and pursuant to the legal memorandum attached hereto, it is hereby ORDERED, ADJUDGED and DECREED that the objection to confirmation filed by Mehry Abidi is hereby sustained.

It is further ORDERED that this Chapter 13 case is hereby dismissed.